# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 425 | **DATE** | 8/3/2011 |
| **CASE TITLE** | Sheikh vs. Rabin, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for default judgment against Defendant Odeh Orbach [48] is denied without prejudice; however the Court concludes that service on Defendant Orbach was proper. Defendant Orbach is given until 9/6/2011 to file an appearance in this matter and to answer or otherwise plead. The Court directs the Clerk of the Court to mail a copy of this order along with a copy of the amended complaint [24] to Defendant Oded Orbach, Prisoner No. 65031-054, at the Metropolitan Detention Center (MDC), P.O. Box 329002, Brooklyn, NY 11232. For further details, see below.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Zafar Sheikh ("Plaintiff") filed this lawsuit on January 20, 2011. Plaintiff alleges, *inter alia*, that Defendants engaged in a conspiracy to prevent Plaintiff from building a home in Defendants' neighborhood in Highland Park, Illinois.

One of the named Defendants in this lawsuit is Oded Orbach. [FN1]. In his motion [48], Plaintiff explains that he personally served summons and a copy of the amended complaint on "a woman at the usual abode of Defendant Orbach, who represented herself to be the spouse of Orbach." *Id.* at ¶ 6. Defendant Orbach did not file an appearance, answer, or otherwise plead within the prescribed time period. *Id.* In his motion, Plaintiff asks for a default judgment, or the alternative, Plaintiff invites the Court to "hold the judgment in abeyance for the next thirty days, granting Orbach additional time and incentive to file his appearance." *Id.* at ¶ 8.

> [FN1] Plaintiff named "Odeh Orbach" in his complaint. However, from Defendant Orbach's wife's filing (discussed *infra*) it appears that the correct spelling of Defendant Orbach's first name is "Oded."

On 7/21/11, Defendant Orbach's wife, Pnina Orbach, attempted to appear and file an "Opposition to Motion for Default and in the Alternative Motion to Quash Service of Summons" [53]. In that filing, Pnina Orbach represents that her husband was arrested while traveling in Romania. Upon being returned to the U.S., Defendant Orbach was indicted by a grand jury in New York City and is now being held without bond for "violations of the laws against the United States Government." *Id.* at ¶ 3. To the best of Mrs. Orbach's knowledge, Defendant Orbach "is presently being held at the Metropolitan Detention Center in Brooklyn, New York." *Id.* at ¶ 5. Mrs. Orbach has not seen her husband, and has not provided him with a copy of the summons and complaint. On 7/27/11, the Court denied Mrs. Orbach's motion and struck the appearance of her attorney Victor Ciardelli, as Mrs. Orbach is not a party to this lawsuit. See [58].

| STATEMENT |
|---|

The Court concludes that service on Defendant Orbach was proper notwithstanding the representations contained in Mrs. Orbach's filing and declaration. Federal Rule of Civil Procedure 4(e)(2) provides that service may be properly accomplished by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." There is no dispute that Plaintiff complied with the requirements of this rule.

A number of federal cases have found that service has been properly effected in similar circumstances. See, *e.g. Quach v. Cross*, 2004 WL 2862285, at *3-4 (C.D. Cal. Dec. 3, 2004) (concluding that "the fact that [defendant] was incarcerated awaiting sentencing at the time the papers were served at his permanent address does not invalidate the service" because the defendant had "voluntarily established a place [of] abode, but was precluded from occupying it by an act of the government[,] his family home should still be considered his usual dwelling place" for purposes of Rule 4) (internal quotations and citations omitted); *In re Kraemer*, 1985 WL 660482, at *1 (Bkrtcy. D.N.D. Oct. 28, 1985) (citing *U.S. v. Davis*, 60 FRD 187 (D.C. Neb. 1973), and *Bohland v. Smith*, 7 FRD 364 (D.C. Ill.1947) ("Although a person's abode remains unchanged by incarceration, service made upon him by serving his place of abode must still be reasonably calculated to afford him notice. In several cases decided under Rule 4 of the Federal Rules, courts have held that service upon an incarcerated defendant is accomplished by dwelling house service when the summons and complaint are handed to the defendant's wife at the family residence, and that fact is evident on the face of the return.")); *U.S. Fire Ins. Co. v. Miller*, 2002 WL 31886812, at *1-2 (E.D. La. Dec. 18, 2002) (court concluded that service was proper on incarcerated defendant when defendant's mother accepted service at his permanent home, noting that "if a proper method of service is followed, due process is satisfied even if the defendant does not receive actual notice").

While service on Defendant Orbach was proper, it appears from the record that Defendant Orbach does not have actual notice of this lawsuit. In his motion, Plaintiff proposed in the alternative that the Court allow Defendant Orbach an additional 30 days to appear. [48] at ¶ 8. The Court agrees with that sensible suggestion and allows Defendant Orbach until 9/6/2011 to file an appearance in this matter and to answer or otherwise plead. Accordingly, Plaintiff's motion [48] is denied without prejudice to re-filing after 9/6/2011.