IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO TITLE & LAND TRUST CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-cv-425 |
| | ) | |
| DAVID RABIN et al., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' motions [26, 28, 60, and 74] to dismiss Plaintiff's six count complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff's motion [63] to strike. For the reasons below, Defendants' motions are granted and Plaintiff's motion is denied.

**I.   Background**[1]

In 2006, Plaintiff[2] purchased a parcel of land in a subdivision in Highland Park, Illinois. Plaintiff intended to build a house on the property, which was consists of four adjoining lots that cover an area of roughly 20,000 feet. Defendants David Rabin, Debbie Rabin, Hedy Berrocal, Daniel Kolleng, Luke Migala, Joel Kagan, William Schoenwald, Michael Lickerman, and Oded Orbach (collectively "Defendants") are Plaintiffs neighbors in the subdivision. Plaintiff alleges that, upon learning of Plaintiff's plans to build a house, Defendants decided to do whatever was necessary to keep Plaintiff from obtaining the permits from the City of Highland Park that

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations that are set forth in Plaintiff's first amended complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 (7th Cir.2007).

[2] On April 12, 2011, Chicago Title & Land Trust Co. was replaced by Zafar Sheikh as Plaintiff [24].

Plaintiff needs in order to build his house. Specifically, Plaintiff claims that Defendants' actions were part of a racially motivated conspiracy that has led to Plaintiff's failure to get the necessary permits from the Highland Park Zoning Board.

On January 20, 2011, Plaintiff filed a complaint against Defendants' alleging that they conspired to violate his civil and constitutional rights. On April 12, 2011, Plaintiff Sheikh filed a six-count First Amended Complaint alleging that: (1) under 42 U.S.C. § 1985(3) Defendants conspired to deprived plaintiff of equal protection, or equal privileges and immunities under the law; (2) Defendants conspired to violate 42 U.S.C. § 3617 of the Fair Housing Act; (3) Defendants violated state and federal hate crime laws; (4) Defendants violated Plaintiff's right to due process under the Fifth and Fourteenth Amendments; (5) Defendants committed a crime under 18 U.S.C. § 241 when they conspired to intimidate, harass, and makes threats against Plaintiff's property; and (6) Defendants committed a crime under 18 U.S.C. § 1621 when they lied and made false statements under oath. Defendants have filed motions to dismiss all six counts [26, 28, 60, 74] pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 2, 2011, Plaintiff filed a motion to strike [63] Defendant Lickerman's reply brief.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The factual allegations in the complaint must be sufficient

to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n.14). In other words, the pleading must allege facts that plausibly suggest the claim asserted. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (omission in original). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).[3]

### III. Analysis

#### A. Count I: 42 U.S.C. § 1985(3)

Defendants argue that Sheikh failed to allege that they conspired to deprive him of any rights or privileges under 42 U.S.C. § 1985(3). Under Section 1985(3), a claimant must allege "(1) a conspiracy (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985) (citing *United Brotherhood of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)). In other words, "a claim under § 1985(3) requires a racially motivated conspiracy to violate or interfere with a plaintiff's *federally*

---

[3] Because Plaintiff is *pro se*, the Court will "give liberal construction" to his pleadings. *Caruth v. Pinkey*, 863 F.2d 1044, 1050 (7th Cir. 1982) (finding that "a district court has the obligation to insure that a *pro se* litigant is given fair and meaningful consideration of all claims presented").

protected rights." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009) (emphasis in original). Because Plaintiff does not allege any state action, the constitutional right at stake must be "one that is entitled to protection against anyone, rather that merely protection from impairment by a state." *Cohen v. Illinois Institute of Technology*, 524 F.2d 818, 828 (7th Cir. 1975). Finally, the "complaint must indicate the parties, the general purpose, and approximate date of the agreement to form a conspiracy so that the defendant has notice of the charges against him." *Estate of Sims ex rel. Sims v. County of Burea*u, 506 F.3d 509, 517 (7th Cir. 2007) (citation omitted).

Here, Plaintiff alleges that certain actions of the Defendants prevented him from being able to build a house on his property. Defendants argue that this allegation fails to state a claim because Plaintiff's complaint does not cite any "federally protected rights" of which the alleged conspiracy has deprived him. The Court agrees with Defendants. In *Cohen*, the Seventh Circuit carefully distinguished between those rights that can only be violated by the state (14th Amendment) and those that can be violated by anyone, including private actors (13th Amendment). 524 F.2d at 828-29.

In this case, Plaintiff has failed to identify the federal right that he believes Defendants have deprived him of. Defendants correctly note that the City of Highland Park is the only entity that has the ability to prohibit Plaintiff from building a house on his property. As neighbors, Defendants have no authority to prevent the Zoning Board from granting Plaintiff's application. Because Plaintiff failed to plead—and the Court does not find—a federally protected right to a building permit that protects against discrimination in which there is no allegation of state involvement of any kind, the purported conspiracy is not covered by Section 1985(3). *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972) (refusing to extend Section 1985(3)

4

to Fourteenth Amendment claim of racial discrimination based on arbitrary business discrimination by corporate landlord and its agents against lawyer engaged in practice of criminal law when there is no evidence of state involvement in the alleged discrimination).

Furthermore, the Court notes that under *Twombly* and *Iqbal*, Plaintiff's complaint has not "nudged [his] claims . . . across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (citing *Twombly*, 550 U.S. at 570). Ignoring any "unrealistic and nonsensical" accusations in Plaintiff's complaint, the claim still fails because Plaintiff has failed to allege how Defendants' statements in the complaint—that building the house would cause flooding, increase noise and traffic, and would decrease property values—were made in furtherance of a racially motivated conspiracy to deprive Plaintiff of equal protection of the laws. Indeed, even taking into account Plaintiff's *pro se* status, Plaintiff's claim rests on exactly the sort of "labels and conclusions" that cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

### B. Claim II: Fair Housing Act

Plaintiff alleges that Defendants conspiracy violates 42 U.S.C. § 3617 of the Fair Housing Act. The statute provides that:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617. Courts consistently have applied § 3617 to "threatening, intimidating, or extremely violent discriminatory conduct designed to drive an individual out of his home." *Halprin v. The Prairie Single Family Homes of Dearborn Park Assoc.*, 208 F. Supp. 2d 896, 903-904 (N.D. Ill. 2002). Illustrative cases involve acts such as "cross-burning, firebombing homes or cars, shooting shotguns, physical assaults, or throwing Molotov cocktails." *Whisby-*

5

*Myers v. Kieknapp*, 293 F. Supp. 2d 845, 852 (N.D. Ill. 2003) (citing *Halprin* 208 F. Supp. 2d at 903-904)*; see also, Bryant,* 2000 WL 1670938, at *3 (threatening acts involving a shotgun sufficient to state a claim under § 3617); *Johnson,* 810 F. Supp. at 238–39 (cross burning and breaking of house windows sufficient to state a claims under § 3617); *Stirgus,* 720 F. Supp. at 123 (firebombing of home to intimidate plaintiff was sufficient for a § 3617 claim); *Seaphus v. Lilly,* 691 F. Supp. 127, 139 (N.D. Ill. 1988) (allegations of assault and attempted arson stated a § 3617 claim); *Stackhouse v. DeSitter,* 620 F. Supp. 208 (N.D. Ill. 1985) (accusations of firebombing of family's car to drive them from the neighborhood stated a claim under § 3617); *Byrd,* 922 F. Supp. at 64–65 (throwing of a Molotov cocktail onto a front porch was sufficient to violate § 3617).

Here, Plaintiff alleges that Defendants made offensive comments and waived a finger angrily at him at the Zoning Board meeting. He makes no allegation of any legitimately threatening or violent actions that any Defendant actually took in effort prevent him from building a house. But words are not actions, and nothing in Plaintiff's complaint approaches the level of conduct that other courts have found gave rise to a claim under § 3617. Because Plaintiff has failed to allege any conduct by Defendants that amounts to "threatening, intimidating, or extremely violent discriminatory conduct designed to drive an individual out of his home," Plaintiff's claim fails.

    **C.**    **Claim III**: **Hate Crime Violations**

Plaintiff next alleges that Defendants violated state and federal hate crime statutes. With regards to the state statute, Defendants argue that this claim must be dismissed because the specific statute that Plaintiff cites, 720 ILCS 5/12-7.1(a), is a criminal statute and does not confer a private right of action. The Court respectfully disagrees. While it is true that section 720 ILCS

5/12-7.1(a) is a criminal statute and thus Plaintiff cannot bring a cause of action under it, section 720 ILCS 5/12-7.1(c), "provides a private right of action to [an] individual harmed by hate crimes." *Damato v. Jack Phelan Chevrolet Geo, Inc.*, 927 F. Supp. 283, 292 (N.D. Ill. 1996). And a "plaintiff in federal court does not need to point to the exact statute which entitles him to relief, so long as 'relief is possible under any set of facts that could be establishes consistent with the allegation.'" *Abdoh v. City of Chicago*, 930 F. Supp. 311, 312 (N.D. Ill. 1996) (quoting *Bartholet v. Reidshauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992)). Therefore, the Court declines to dismiss Count III simply because Plaintiff incorrectly identified the subsection of 5/12-7.1.

However, Defendants' other argument for dismissal is persuasive. According to Defendants, Claim III should be dismissed because Plaintiff has failed to allege any facts that any Defendant actually violated the statute. Section 5/12-7.1(c) instructs that:

> Independent of any criminal prosecution or the result thereof, any person suffering injury to his person or damage to his property as a result of hate crime may bring civil action for damages, injunction or other appropriate relief.

Notably, the statute defines several crimes as hate crimes if they are committed because of another's race or color: assault, battery, aggravated assault, misdemeanor theft, criminal trespass to residence, misdemeanor criminal damage to property, criminal trespass to vehicle, criminal trespass to real property, mob action and disorderly conduct. 720 ILCS 5/12-7.1(a). But according to the language of 5/12-7.1(c), the only types of hate crimes that allow for a civil action are those involving "injury to his person or damage to his property." In his complaint, Plaintiff highlights mob action and disorderly conduct. Specifically, Plaintiff claims that during a Zoning Board meeting, Defendants yelled at him, made statements that were "meant to embarrass, harass and intimidate him," and angrily waved index fingers at him. But these

7

statements and limited actions do not amount to either an injury to Plaintiff's person – *i.e.*, assault or batter – or damage to his property on account of Plaintiff's race or color. Therefore, Plaintiff has failed to state a claim for hate crimes under section 5/12-7.1(c).

The Court also finds that Plaintiff cannot make a claim under the Federal Hate Crime Prevention Act of 2009, 18 U.S.C. § 249.[4] While the Seventh Circuit has not addressed whether there is a private right of action under the Hate Crimes Act, other courts have held that the Hate Crimes Act, as a criminal statute, does not give rise to a private right of action. See *Wolfe v. Beard*, 2011 WL 601632, *3 (E.D. Pa. Feb. 15, 2011); *Lorenz v. Managing Director, St. Luke's Hosp.*, 2010 WL 4922267 (S.D.N.Y. Nov. 5, 2010). The Court agrees with the reasoning in these cases. The Hate Crimes Act "does not confer rights on a specific class of persons, but rather criminalizes certain offences. . . . Moreover, the statute specifically provides for criminal enforcement, and authorizes penalties including imprisonment." *Wolfe*, 2010 WL 4922267 at *3. Because neither personal rights nor private remedies exist in the statutory text, the Court concludes that Congress did not intend to create a private right of action. Accordingly, Plaintiff's claim under the federal Hate Crimes Act also fails.

### D. Claim IV: Due Process

Plaintiff next alleges that Defendants violated his Due Process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Defendants argue that Plaintiff's claim must be dismissed because the right to due process only applies to actions taken by the government. The Court agrees. Private actions between citizens are immune from the restrictions of the Fifth and Fourteenth Amendments. See *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974); see also *Fincher v. S. Bend Hous. Auth.*, 612 F. Supp. 2d 1009, 1022 (N.D. Ind. 2009) ("The Fifth and Fourteenth Amendments play no role in interactions between

---

[4] Sheikh incorrectly cites 18 U.S.C. § 245(b)(2); the Court assumes that he meant § 249.

private citizens.") (citing *Wade v. Byles*, 83 F.3d 902, 905). Accordingly, Count IV of Plaintiff's complaint fails.

### E. Claim V and VI: Criminal Conspiracy and Perjury

In Count V, Plaintiff seeks relief for Defendants' alleged violation of 18 U.S.C. § 241 for conspiring to deprive him of his constitutional rights. But, as Defendants note, "criminal statutes governing conspiracies against civil rights and deprivation of rights under color of law—such as 18 U.S.C. § 241—do not provide for a private right of action." *Lerch v. Boyer*, 929 F. Supp. 319, 322 (N.D. Ind. 1996) (citing *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989); *Deubert v. Gulf Fed. Sav. Bank,* 820 F.2d 754, 760 (5th Cir. 1987); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980); *Lovelace v. Whitney,* 684 F. Supp. 1438, 1441 (N.D. Ill.1988), *aff'd sub nom. Lovelace v. Hall,* 886 F.2d 332 (7th Cir. 1989); *Powers v. Karen;* 768 F. Supp. 46, 51 (E.D.N.Y. 1991), *aff'd,* 963 F.2d 1522 (2nd Cir. 1992); *Pawelek v. Paramount Studios Corp.,* 571 F. Supp. 1082, 1083 (N.D. Ill. 1983)); see also *Merifield v. Beaven/Inter-Am. Companies, Inc.*, 1991 WL 171376, at *4 (N.D. Ill. Aug. 30, 1991) (noting that § 241 creates criminal penalties for deprivation of constitutional rights and does not provide a basis for a civil cause of action).

Finally, in Count VI, Plaintiff alleges that Defendants made false statements under oath and thus committed perjury under 18 U.S.C § 1621 and also violated 18 U.S.C. §§ 1001 and 1623. Again, however, these are criminal statutes and do not confer a private right of action. *O'Donnell v. City of Chicago*, 2002 WL 1338027, at *3-*5 (N.D. Ill. Mar. 17, 2003) (dismissing plaintiffs claims under 18 U.S.C §§ 1001, 1621, and 1623 because they are criminal statutes) (citing *Fed. Save and Loan Ins. Corp v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987); *LaBoy v. Zuley*, 747 F. Supp 1284, 1289 (N.D. Ill. 1990)). Thus, Counts V and VI are dismissed for failure to state a valid cause of action.

### F. Plaintiff's Motion to Strike

Plaintiff argues that the Court should strike Defendant Lickerman's reply brief and affidavit. Lickerman filed his reply brief two days late, and according to Plaintiff, his affidavit was rambling and presented improper evidence. The Court respectfully declines to strike the reply brief. While Defendant Lickerman filed his reply brief two days late, Plaintiff was not prejudiced by the delay, the delay was short, and this was Lickerman's first time filing late. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394-95 (1993) (concluding "that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.") Furthermore, Lickerman's two page affidavit was neither voluminous nor did it present inappropriate evidence. Therefore, the Court denies Plaintiff's motion to strike.

### IV. Conclusion

For the above reasons, the Court grants Defendants motions to dismiss [26, 28, 60, and 74] and denies Plaintiff's motion to strike [63]. Given Plaintiff's *pro se* status, the Court gives Plaintiff 21 days in which to file a motion for leave to file and amended complaint if he feels that he can cure any of the deficiencies identified above in regards to the counts for which there is a private right of action.

Dated: January 30, 2012

_____
Robert M. Dow, Jr.
United States District Judge